**Andrew Verhines**
100 East Fantz Ave
Fresno, CA 93706
559-942-6424
Verhinesa@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

1: 24 CV 01111 - EPG

**Andrew Verhines,**
Plaintiff,
vs.
**Shirley N. Weber, Ph.D., in her official capacity as California Secretary of State,**
Defendant.

**COMPLAINT**

**1. Introduction**

Plaintiff, Andrew Verhines, files this complaint against the Defendant, Shirley N. Weber, in her official capacity as Secretary of State of California, to challenge the constitutionality of the filing fee structure for candidates seeking to run for the United States Congress. The current fee system, which requires candidates to pay 1% of a U.S. Congress member's annual salary, disproportionately disadvantages lower-income candidates, limiting political participation based on economic status.

**2. Jurisdiction**

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case involves questions arising under the Equal Protection Clause and the First Amendment of the U.S. Constitution.

**3. Parties**

- Plaintiff, Andrew Verhines, is a resident of Fresno County, California, and seeks to run for U.S. Congress representing the 21st District in California.
- Defendant, Shirley N. Weber, Ph.D., is the Secretary of State of California, responsible for administering elections and enforcing California's election laws, including the collection of candidate filing fees.

## 4. Factual Background

- Under current California election law, candidates for U.S. Congress must pay a filing fee equivalent to 1% of a member of Congress's annual salary ($174,000), resulting in a fee of $1,740.
- As the sole provider for a family of eight, including six children, Plaintiff Andrew Verhines does not have the financial means to pay the filing fee. With a total family income of less than $55,000 per year, the filing fee represents a significant financial burden, effectively excluding him from the electoral process based on economic status.
- The alternative of collecting 2,000 signatures imposes a similarly prohibitive burden. As a full-time worker and sole provider for his family, Plaintiff does not have the time or resources to collect signatures. Wealthier candidates can afford to hire individuals to assist in gathering signatures or pay the filing fee outright, making the signature requirement disproportionately burdensome for lower-income candidates.
- Plaintiff attempted to run for the U.S. Congress in both the 2022 and 2024 election cycles but was unable to pay the filing fees and could not collect the required 2,000 signatures within the short time allocated.
- California's median household income is significantly lower than the salary of a U.S. Congress member, making the filing fee disproportionately high for lower-income candidates. This fee structure creates an undue economic barrier for poorer candidates, limiting their ability to run for office, and thus violates the Equal Protection Clause of the Fourteenth Amendment and the First Amendment by restricting political participation based on financial resources.

## 5. Proposed Solution

A more equitable filing fee structure would involve:

- A flat fee of $300 for all candidates, ensuring that contributions are made to cover election costs while not excluding lower-income individuals from participating in the electoral process.

## 6. Legal Claims

- The current filing fee structure violates the Equal Protection Clause of the Fourteenth Amendment by disproportionately impacting lower-income individuals, creating an unjust economic barrier to running for office.
- The fee structure also violates the First Amendment by restricting the political participation of economically disadvantaged individuals, thereby limiting the pool of candidates based on wealth.

**7. Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

**8. Claim for Relief**

- Plaintiff seeks a declaration that the current filing fee system is unconstitutional as applied to low-income candidates.
- Plaintiff requests that the court order the implementation of a flat fee of $300 for all candidates.
- Plaintiff requests an injunction prohibiting the Defendant from enforcing the current filing fee requirement.
- Plaintiff requests any other relief the court deems just and proper.

Dated: 09/19/2024

**Andrew Verhines**
Plaintiff, Pro Se

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
__Eastern__ District of __California__

__Andrew Verhines__ )
__Shirley N. Weber__ Plaintiff __Ph.D., in her official__ )
v. )   Civil Action No.
__Capacity as California Secretary of State__ )
Defendant )

## WAIVER OF THE SERVICE OF SUMMONS

To: __Andrew Verhines, 100 East Fantz Ave, Fresno, CA 93706, 559-942-6424,__
(Name of the plaintiff's attorney or unrepresented plaintiff)   __Verhinesa@yahoo.com__

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: __09/19/2024__

_____
Printed name of party waiving service of summons

_____
Signature of the attorney or unrepresented party
__Andrew Verhines__
Printed name
__100 East Fantz Ave__
__Fresno, CA 93706__
Address
__Verhinesa @ yahoo.com__
E-mail address
__559-942-6424__
Telephone number

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.