UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VERHINES,<br><br>    Plaintiff,<br><br>v.<br><br>SHIRLEY N. WEBER,<br><br>    Defendant. | Case No. 1:24-cv-01111-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT (1) PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BE GRANTED, IN PART, AND DENIED, IN PART; (2) DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BE DENIED AS MOOT; AND (3) PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED AS MOOT<br><br>(ECF No. 40, 45, 54, 55)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Andrew Verhines proceeds *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 3). He claims that California's filing fee structure for candidates seeking to run in the primary for the office of House of Representatives in the United States Congress violates the First and the Fourteenth Amendments. (ECF No. 37).

Now before the Court is Plaintiff's motion for leave to file a second amended complaint containing new factual allegations and a new claim. (ECF No. 54; *see* ECF No. 55). Also pending are (1) Defendant's motion to dismiss Plaintiff's first amended complaint (ECF No. 40), and (2) Plaintiff's motion for preliminary injunction regarding the allegations in his first

1  amended complaint (ECF No. 45). These pending motions have been referred by the assigned
2  District Judge and are ripe for consideration. (*See* ECF Nos. 41, 48, 58).
3        For the reasons given below, the Court will recommend as follows: (1) Plaintiff's
4  motion for leave to file a second amended complaint be granted insofar as Plaintiff shall be
5  permitted to file the second amended complaint to proceed only on his First Amendment and
6  Equal Protection Clause claims regarding California's filing-fee and signature-in-lieu
7  requirements based on the allegations in the second amended complaint, and Plaintiff's motion
8  be denied insofar as Plaintiff shall not be permitted to proceed on his newly proposed claim
9  regarding his access to a voter guide; (2) Defendant's motion to dismiss Plaintiff's First
10 Amended Complaint be denied as moot; and (3) Plaintiff's motion for preliminary injunction
11 regarding  the allegations in his First Amended Complaint be denied as moot.

     **I.    BACKGROUND**

13       Plaintiff filed his original complaint on September 19, 2024, and the case proceeds on
14 his First Amendment and Equal Protection Clause claims, stemming from his allegations that
15 California's filing fee structure to run for Congress violates his constitutional rights because he
16 cannot afford to pay the fee, and the other means of accessing the ballot—obtaining
17 signatures—is not a workable alternative. (ECF Nos. 1, 7, 37).
18       Plaintiff has amended his complaint once thus far. (ECF Nos. 30, 36, 37). After Plaintiff
19 filed his first amended complaint, the assigned District Judge denied Defendant's pending
20 motion to dismiss the original complaint as moot. (ECF Nos. 37, 38).
21       Defendant thereafter moved to dismiss Plaintiff's first amended complaint, which
22 motion has been referred to the undersigned. (ECF Nos. 40, 41, 43, 44). Among other things,
23 Defendant argues that Plaintiff has failed to provide sufficient factual allegations in support of
24 his claims. For example, Defendant contends that "Plaintiff's amended complaint contains
25 minimal factual content," otherwise contains "conclusory allegations," and he provides no
26 "factual content to support the allegation that "State records reveal a 99.8% failure rate for
27 candidates attempting the signature-in-lieu process over recent election cycles." (ECF No. 40,
28 p. 7) (internal quotation marks omitted). Further, Defendant asserts that "[f]actual content of a

1  reasonably diligent indigent congressional candidate would, at the very least, articulate what
2  they did to attempt to pay the filing fee or gather signatures in lieu of the filing fee." (*Id.*).
3  Plaintiff filed a motion for preliminary injunction based on the allegations in the first
4  amended complaint, which has also been referred. (ECF Nos. 45, 48, 52, 53).

## II.     MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On July 28, 2025, Plaintiff filed his motion for leave to file a second amended complaint. (ECF No. 54). Plaintiff has also filed his proposed second amended complaint. (ECF No. 55). The second amended complaint seeks to add (1) factual allegations in support of Plaintiff's existing claim; and (2) a new claim regarding his inability to afford access to a voter guide.

As for new facts to support his existing claim, Plaintiff's second amended complaint includes the following:

> [P]ublic records obtained by Plaintiff from the Secretary of State (Exhibit A) show that only one out of 506 congressional candidates over the past two election cycles successfully obtained a full filing fee waiver through this method-a documented failure rate of 99.8%.
>
> Plaintiff personally attempted to collect signatures in both 2022 and 2024. He invested over 20 hours across multiple methods, including door-to-door outreach, social media engagement, and public tabling. Despite his efforts, he collected only 40-60 valid signatures each cycle-rendering the waiver inaccessible.

(ECF No. 55, p. 2).

As for his new claim, Plaintiff cites statutes that require the Secretary of State to print a state voter guide and include certain information in it. (*Id.* at 3) (citing Cal. Elec. Code §§ 9082, 9084). He asserts that "the voter guide fee is calculated at approximately $25 per word, resulting in a cost of $2,500-$5,000 for a typical 100- to 200-word candidate statement." (*Id.* at 2). Characterizing this as a "critical platform for political communication," Plaintiff argues that, because he cannot afford the voter guide fee, his First and Fourteenth Amendment rights are violated. (*Id.*).

Defendant has filed an opposition to Plaintiff's motion for leave to file a second amended complaint. (ECF No. 56). Defendant argues that his newly proposed claim is futile

1  because "Plaintiff's only alleged injury is his inability to gain a place on the ballot as a
2  congressional candidate" and "[c]ongressional candidate statements are published in the *county*
3  voter information guides" rather than the state voter guide. (*Id.* at 2) (emphasis in original).
4  Defendant cites the relevant statutes for county voter guides, *see, e.g.*, Cal. Elec. Code
5  § 13307.5, and argues that, even "[a]ssuming Plaintiff sought an order declaring
6  unconstitutional the correct statutes, Plaintiff would lack standing because his new claims are
7  not redressable by the Secretary." (*Id.*).

8  Notably, Defendant's opposition does not address Plaintiff's new factual allegations
9  regarding the filing fee structure and signature-in-lieu requirements to access the ballot.

10  On August 11, 2025, Plaintiff filed an "opposition to Defendant's motion to dismiss
11  second amended complaint." (ECF No. 57) (capitalization omitted). However, there is no such
12  pending motion to dismiss; notably, Plaintiff has not yet been granted permission to file a
13  second amended complaint. The Court has considered this filing however to the extent that it
14  could be considered a reply in support of his motion for leave to file a second amended
15  complaint.

16  On September 12, 2025, the assigned District Judge referred Plaintiff's motion for leave
17  to file a second amended complaint to the undersigned. (ECF No. 58).

18  **III.   LEGAL STANDARDS**

19  Under Rule 15(a), a party may amend a pleading once as a matter of course within
20  twenty-one days of service, or if the pleading is one to which a response is required, twenty-one
21  days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all
22  other cases, a party may amend its pleading only with the opposing party's written consent or
23  the court's leave." Fed. R. Civ. P. 15(a)(2).

24  Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United*
25  *States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). Leave should be "freely give[n] . . .
26  when justice so requires," Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must
27  be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than
28  on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Consequently, the policy favoring the grant of leave to amend is applied with "extreme liberality." *Id.* (citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004)).

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). While the Ninth Circuit is "very cautious in approving a district court's decision to deny pro se litigants leave to amend" it has also concluded that "[a] district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

### III. ANALYSIS

With these standards in mind, the Court will recommend that Plaintiff be granted leave to file a second amended complaint to add factual allegations regarding his existing claim that California's filing fee requirement—and signature-in-lieu alternative—violate his First and Fourteenth Amendment rights. (*See* ECF No. 55, p. 3 – listed as Count 1).

Notably, Defendant's pending motion to dismiss Plaintiff's First Amended Complaint argues, in part, that Plaintiff's First Amended Complaint lacks sufficient factual allegations regarding the failure rate for candidates attempting the signature-in-lieu process , as well as allegations concerning any attempts to pay the filing fee or gather signatures in lieu of the filing fee. (ECF No. 40, p. 7). Here, Plaintiff's proposed second amended complaint adds factual allegations relevant to these issues, including:

> [P]ublic records obtained by Plaintiff from the Secretary of State (Exhibit A)[1] show that only one out of 506 congressional candidates over the past two election cycles successfully obtained a full filing fee waiver through this method-a documented failure rate of 99.8%.
>
> Plaintiff personally attempted to collect signatures in both 2022 and 2024. He

---

[1] Plaintiff attaches the referenced records to his proposed second amended complaint.

> invested over 20 hours across multiple methods, including door-to-door outreach, social media engagement, and public tabling. Despite his efforts, he collected only 40-60 valid signatures each cycle-rendering the waiver inaccessible.

(ECF No. 55, p. 2).

In light of Defendant's argument in its motion to dismiss Plaintiff's First Amended Complaint, the Court finds that Plaintiff should be permitted to amend his complaint to include these allegations, which are relevant to his First Amendment and Equal Protection Clause claims challenging California's filing-fee and signature-in-lieu requirements.

There is no indication of bad faith or undue delay in adding these factual allegations, and it is still early in the litigation. Moreover, some of the information referenced in the proposed second amended complaint appears to have been obtained in June 2025 of this year and thus would have been unavailable to Plaintiff before. Additionally, Defendant has not argued that amendment would be prejudicial, nor does the Court find prejudice based on the circumstances before it. Further, amendment does not appear to be futile. Lastly, while Plaintiff has previously amended his complaint, the Court does not find that this prior amendment outweighs the other considerations.

However, the Court does not recommend allowing Plaintiff to proceed on the new claim that is contained in the proposed Second Amended Complaint. In support of this new claim, Plaintiff cites statutes that require the Secretary of State to print a state voter guide and include certain information in it. (ECF No. 55, p. 3) (citing Cal. Elec. Code §§ 9082, 9084). Notably, under § 9084, the state voter guide shall contain,

> [i]f the ballot contains an election for the office of United States Senator, information on candidates for United States Senator. *A candidate for United States Senator may purchase the space to place a statement in the state voter information guide that does not exceed 250 words.* The statement shall not make any reference to any opponent of the candidate. The statement shall be submitted in accordance with timeframes and procedures set forth by *the Secretary of State* for the preparation of the state voter information guide.

Cal. Elec. Code § 9084(i) (emphasis added).

Plaintiff argues that this statutory scheme "imposes an additional unconstitutional wealth-based barrier by requiring congressional candidates to pay thousands of dollars to

appear in the official statewide voter information guide." (ECF No. 54, p. 2).

Defendant argues that leave to amend would be futile because this statutory scheme does not apply to Plaintiff and he otherwise lacks standing. (ECF No. 56, pp. 2-3). The Court agrees.

Plaintiff has framed his challenges thus far based on his being "a qualified candidate for the U.S. House of Representatives in California's 21st Congressional District." (ECF No. 37, p. 2). As Defendant notes, a different statutory scheme, where *local officials* are involved rather than the Secretary of State governs *county voter guides* for such candidates. (ECF No. 56, pp. 2-3).

Specifically, § 13307.5 provides as follows:

> *A candidate for United States Representative* may purchase the space to place a statement in the voter information portion *of the county voter information guide* that does not exceed 250 words. The statement shall not refer to any opponent of the candidate. The statement shall be submitted in accordance with the timeframes and procedures set forth in this code for the preparation of the voter information portion of the county voter information guide.

Cal. Elec. Code § 13307.5 (emphasis added).

As for the fee requirements, "if a candidate alleges to be indigent and unable to pay in advance the requisite fee for submitting a candidate statement, the candidate shall submit to *the local agency* a statement of financial worth to be used in determining whether or not he or she is eligible to submit a candidate statement without payment of the fee in advance." Cal. Elec. Code § 13309(a) (emphasis added). And "[i]f *the local agency* determines that the candidate is indigent, the local agency shall print and mail the statement." Cal. Elec. Code § 13309(e).

Simply put, Plaintiff's inability to access the *county voter guide* would not be an injury caused by the Secretary of State; rather, a local agency would be responsible. Plaintiff has not proposed to add any local agency as a defendant to this case, nor has he alleged facts applicable under the relevant statutory scheme. Thus, Plaintiff fails to establish standing to pursue his proposed new claim. *See United States v. Texas*, 599 U.S. 670, 676 (2023) ("To establish standing, a plaintiff must show an injury in fact caused by the defendant and redressable by a court order."). In conclusion, the Court will recommend that Plaintiff's motion for leave to file

a second amended complaint be granted insofar as Plaintiff shall be permitted to file the second amended complaint to proceed only on his First Amendment and Equal Protection Clause claims regarding California's filing-fee and signature-in-lieu requirements based on the allegations in the second amended complaint, and Plaintiff's motion be denied insofar as Plaintiff shall not be permitted to proceed on his newly proposed claim regarding his access to a voter guide.

### IV.     MOTION TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION

Because the Court is recommending that Plaintiff be granted leave to amend to add new relevant factual allegations in support of his existing claim, it will recommend that Defendant's motion to dismiss the First Amended Complaint and Plaintiff's motion for preliminary injunction regarding the First Amended Complaint be denied as moot.

As for Defendant's motion to dismiss, because an "amended pleading supersedes the original pleading," with the latter being functionally non-existent, the motion to dismiss the first amended complaint is moot. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992). Similarly, Plaintiff's motion for preliminary injunction, which is based on the allegations in the first amended complaint, should be denied as moot. *See O. L. v. City of El Monte*, No. 220CV00797RGKJDE, 2020 WL 7264545, at *2 (C.D. Cal. Mar. 20, 2020) ("Separately, Plaintiff filed a Motion for a Preliminary Injunction expressly based upon the then-operative FAC. See Dkt. 33 (Motion for Preliminary Injunction) at 2. By filing the SAC, Plaintiff has superseded the FAC, which effectively renders the Motion for Preliminary Injunction moot, which the Court interprets as a tacit withdrawal of the Motion for Preliminary Injunction, without prejudice to Plaintiff refiling . . .").

### V.     CONCLUSION AND RECOMMENDATIONS

For the above reasons, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for leave to file a second amended complaint be granted insofar as Plaintiff shall be permitted to file the second amended complaint to proceed only on his First Amendment and Equal Protection Clause claims regarding California's filing-fee

8

  and signature-in-lieu requirements based on the allegations in the second amended complaint, and Plaintiff's motion be denied insofar as Plaintiff shall not be permitted to proceed on his newly proposed claim regarding his access to a voter guide. (ECF No. 54).

2. This case proceed on the second amended complaint only on Plaintiff's First Amendment and Equal Protection Clause claims regarding California's filing-fee and signature-in-lieu requirements.

3. The Clerk of Court be directed to file Plaintiff's second amended complaint on the docket upon entry of the District Judge's final order. (ECF No. 55).

4. Defendant's motion to dismiss the first amended complaint be denied as moot. (ECF No. 40).

5. Plaintiff's motion for a preliminary injunction be denied as moot. (ECF No. 45).

6. Defendant be directed to respond to the second amended complaint (once filed) within the time provided under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 18, 2025**                    /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE