UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDREW VERHINES,

           Plaintiff,

    v.

SHIRLEY N. WEBER,

           Defendant.

Case No.  1:24-cv-01111-KES-EPG

**ORDER SETTING MANDATORY SCHEDULING CONFERENCE**

**DATE: April 2, 2026**
**TIME: 10:30 a.m.**

**ERICA P. GROSJEAN**
**U.S. MAGISTRATE JUDGE**

It is ordered that all parties shall attend a Scheduling Conference before United States Magistrate Judge Erica P. Grosjean on April 2, 2026, at 10:30 a.m.[1]

**Appearance at Scheduling Conference**

Attendance at the Scheduling Conference is mandatory for all parties. Parties, if represented, may appear by their counsel. The parties are directed to appear telephonically. To do so, the parties shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode

---

[1] Although Defendant has a pending motion to dismiss (ECF No. 62), the undersigned issued findings and recommendations on February 12, 2026, that it be denied because Plaintiff's allegations in his second amended complaint are sufficient to state a claim that California's filing-fee and signature-in-lieu requirements violate Plaintiff's rights under the First Amendment and the Equal Protection Clause. (ECF No. 66). Moreover, in light of the District Judge's previous order permitting Plaintiff leave to file his second amended complaint, the Court concludes that the case should proceed while the motion to dismiss remains pending. (ECF No. 60).

1

followed by #, and (5) enter *6 to unmute. Alternatively, parties and counsel may request to appear in person. If one or more parties wish to appear in person, they shall email Courtroom Deputy Felicia Navarro at fnavarro@caed.uscourts.gov **at least 24 hours before the conference** so that a notation can be placed on the Court's calendar.

**Joint Scheduling Report**

A Joint Scheduling Report, carefully prepared and executed by all parties, shall be electronically filed in CM/ECF, at least seven (7) days before the Scheduling Conference. The Joint Scheduling Report shall indicate the date, time, and courtroom of the Scheduling Conference. This information is to be placed opposite the caption on the first page of the Report.

At least twenty (20) days before the Scheduling Conference, all parties shall conduct a conference at a mutually agreed upon time and place. This should preferably be a personal conference, but a telephonic conference call involving all counsel/*pro se* parties is permissible. The Joint Scheduling Report shall contain the following items by corresponding numbered paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. Summary of major disputed facts and contentions of law.

3. The status of all matters which are presently set before the Court, *e.g.,* hearings of motions, *etc.*

4. A complete and detailed discovery plan addressing the following issues and proposed dates:

    a. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;

    b. A firm cut-off date for non-expert discovery. When setting this date, the parties are advised that motions to compel must be filed and heard sufficiently in advance of the deadlines so that the Court may grant effective relief within the allotted discovery time. The Court recommends this date be scheduled approximately nine (9) months from the scheduling conference;

    c. A date for a mid-status discovery conference that should be scheduled

2

approximately six (6) months after the scheduling conference, or two (2) months before the non-expert discovery deadline, whichever is earliest;

d. A firm date for disclosure of expert witnesses, required by Fed. R. Civ. P. 26(a)(2), rebuttal experts, as well as cut-off for the completion of all expert discovery. The parties shall allow thirty (30) days between each of the expert discovery deadlines;

e. Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

f. Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

g. Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery; and

h. Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery.

**Additional Disclosures Related to Electronic Discovery**

1. Discovery Relating to Electronic, Digital and/or Magnetic Data. Prior to a Fed. R. Civ. P. 26(f) conference, the parties should carefully investigate their respective information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. The parties shall also conduct a reasonable review of their respective computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer-based evidence which may be used to support claims or defenses.

2. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference, and address the status of Electronic Discovery and any disagreements in their Statement, including:

a. Preservation: The parties shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoilation.

3

b. Scope of Email Discovery: The parties shall attempt to agree as to the scope of email discovery and attempt to agree upon an email search protocol. The parties should seek to agree on search terms, custodians, and date ranges in advance of the Conference so that any disputes can be addressed at the Conference.

c. Inadvertent Production of Privileged Information: The parties should confer regarding procedures for inadvertent production of privileged electronic material, including any obligations to notify the other party, and procedures for bringing any disputes promptly to the Court.

d. Data Restoration: The parties shall confer regarding whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and the parties shall attempt to agree whether or not back-up data may be necessary, the extent to which back-up data is needed, and who will bear the cost of obtaining back-up data.

3. Date for filing of dispositive motions agreed to by all parties:

a. The filing of dispositive motions (except motions *in limine* or other trial motions). The Court suggests this date be forty-five (45) days after the expert discovery deadline.

b. The Court will set a pretrial conference and trial date based off the dispositive-motions deadline and according to the assigned District Judge's preferences and availability. Accordingly, the parties need not propose dates for the pretrial conference or trial.

4. The parties are encouraged to discuss settlement and must include a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they desire a settlement conference, *e.g.,* before further discovery, after discovery, after pretrial motions, *etc.* Among other things, the parties will be expected to discuss the possibility of settlement at the Scheduling Conference. Note that, even if settlement negotiations are progressing, the parties are expected to comply with the requirements of this Order unless otherwise excused by the Court. If the entire case is settled, the parties shall **promptly**

4

inform the Court. In the event of settlement, the parties' presence at the conference, as well as the Joint Scheduling Report, will not be required.

5. A statement as to whether the case is a jury or non-jury case. The parties shall briefly outline their respective positions if there is a disagreement as to whether a jury trial has been timely demanded, or as to whether a jury trial is available on some or all of the claims.

6. An estimate of the number of trial days required. If the parties cannot agree, each party shall give his or her best estimate.

7. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pretrial motions or trial.

8. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

**Scheduling Order**

Following the Scheduling Conference, the Court will issue a Scheduling Order with the benefit of the input of the parties. Once issued, the dates in the Scheduling Order shall be firm and no extension shall be given without permission from the Court.

**Lack of Participation in the Joint Scheduling Report**

If any party fails to participate in the preparation of the Joint Scheduling Report, the non-offending party shall detail the party's effort to get the offending party to participate in the Joint Scheduling Report. The non-offending party shall still file the report at least seven (7) days before the Scheduling Conference and shall list the non-offending party's position on the listed issues and proposed dates for a schedule. Absent good cause, the dates proposed by the non-offending party will be presumed to be the dates offered by the parties. The offending party may be subject to sanctions, including monetary sanctions to compensate the non-offending party's time and effort incurred in seeking compliance with this Scheduling Order.

**Important Chambers Information**

The parties are directed to the Court's website at www.caed.uscourts.gov under **Judges; Grosjean (EPG); "Standard Procedures" (in the area entitled "Case Management Procedures")** for specific information regarding Chambers procedures. Information about law

and motion, scheduling conferences, telephonic appearances, and discovery disputes is provided at this link.

**Sanctions for failure to Comply**

Should counsel or a *pro se* party fail to appear at the Scheduling Conference, or fail to comply with the directions as set forth above, an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.

IT IS SO ORDERED.

Dated:   **February 12, 2026**                    /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE